1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| LEAFLY HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CONCESSIONS GROUP INC. and ALLIED CONCESSIONS GROUP N.A. INC.,<br><br>Defendants. | Case No. 13-cv-2324<br><br>**COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT
CASE NO. 13-CV-2324

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

Plaintiff LEAFLY HOLDINGS, INC. ("Leafly") complains against Defendants NATIONAL CONCESSIONS GROUP INC. and ALLIED CONCESSIONS GROUP N.A. INC. (collectively, "Defendants") as follows:

## INTRODUCTION

1. This action is brought to prevent Defendants' continuing unauthorized and willful infringement of Leafly's trademarks and trade dress on and in connection with Defendants' marijuana products, product packaging, and promotional materials.

2. Leafly therefore brings this Complaint for federal trademark and trade dress infringement arising under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* and for trademark infringement under Washington's Trademark Laws, RCW 19.77.140.

3. If Defendants are not enjoined from trading on the goodwill established by Leafly in its trademarks and trade dress, consumers and potential consumers are likely to be confused and to falsely believe that Defendants' marijuana products originate from and/or are sponsored by, approved by, or affiliated with Leafly.

## THE PARTIES

4. Plaintiff Leafly is a corporation organized and existing under the laws of the State of Washington with its principal place of business at 1920 Eastlake Ave. E, Seattle, Washington.

5. Leafly is informed and believes, and on that basis alleges, that Defendant National Concessions Group Inc. ("National") is a corporation organized and existing under the laws of the State of Colorado with its principal place of business located at 1660 Lincoln Street, Suite 1460, Denver, Colorado.

6. Leafly is informed and believes, and on that basis alleges, that Defendant Allied Concessions Group N.A. Inc. ("Allied") is a corporation organized and existing under the laws of the State of Colorado with its principal place of business located at 1564 South Broadway, Denver, Colorado.

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over the trademark infringement claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction

2.

over the state law claims pursuant to 28 U.S.C. § 1121.  The Court also has diversity jurisdiction over all claims pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Leafly and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.    Venue is proper in the United States District Court for Washington, Western District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

<u>GENERAL ALLEGATIONS</u>

<u>LEAFLY'S BUSINESS AND TRADEMARKS</u>

9.    Leafly is a market leader in providing consumer information in the field of medical marijuana.  Leafly has designed and developed downloadable computer software featuring information regarding cannabis strains and operates a website (Leafly.com, hereinafter the "Leafly Website") providing consumer information, links, and health information about medical marijuana dispensaries and products.



10.    Since at least as early as September 2010, Leafly has provided consumers with its goods and services under its LEAFLY & Design mark (the "LEAFLY Design Mark").  Leafly owns a federal trademark registration for the LEAFLY Design Mark, U.S. Reg. No. 4442601. The Leafly Design Mark features the colors purple, green and rusty maroon on overlapping tiles,

COMPLAINT
CASE NO. 13-CV-2324

3.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA  98101
(206) 452-8700

and the registration for that mark covers computer software and services designed to provide consumers information in the field of medical marijuana.

11.     A true and correct copy of the registration referenced in Paragraph 10 is attached hereto as Exhibit 1 and is incorporated herein by reference.  The Leafly Design Mark appears as follows:



12.     On information and belief, Leafly was the first company in the cannabis industry to offer goods and services using three dimensional tile designs and the colors purple, green, and rusty maroon to identify Indica, Hybrid, and Sativa cannabis strains, respectively, (collectively, the "LEAFLY Trade Dress").  Since at least as early as September 2010, Leafly has prominently used its LEAFLY Trade Dress on its promotional and advertising materials and on the Leafly Website.  True and correct copies of representative images of the LEAFLY Trade Dress as it appears on the Leafly Website are attached hereto as Exhibit 2.  Leafly also uses the LEAFLY Trade Dress on its mobile application available for download on Apple's iTunes store including, as it appears below, on the icon signifying the Leafly application.



13.     Leafly has invested considerable time, effort, and expense in promoting the LEAFLY Design Mark and LEAFLY Trade Dress since their adoption over three years ago, and the LEAFLY Design Mark and LEAFLY Trade Dress have come to embody the valuable goodwill and reputation that Leafly has earned in the marketplace for providing high quality consumer information and services in the field of medical marijuana.

**DEFENDANTS' WRONGFUL CONDUCT**

14.     On information and belief, Defendants produce, distribute and sell a product called the O.Pen Vaporizer ("O.Pen Vape").  The O.Pen Vaporizer is a portable pen vaporizer that enables users to inhale vaporized, as opposed to burned, marijuana and comes packaged in a disposable cartridge.  Also on information and belief, Defendants own or control the website openvape.com which promotes and features information regarding the O.Pen Vaporizer ("the Openvape.com Website").  A screenshot of the Ovenvape.com Website appears below:



15.     On information and belief, Defendants and/or individuals or entities related to Defendants own four marijuana dispensaries in Colorado: Colorado Harvest Company, Evergreen Apothecary, La Contes North, and La Contes Central (collectively, "Defendants' Colorado Dispensaries").

16.     On or about May 2012, Defendant National and Leafly entered into an agreement whereby Defendants' Colorado Dispensaries would select and pay Leafly for advertising packages.  In exchange, Leafly would place advertisements for Defendants' O.Pen Vape product on the Leafly Website and also create an "O.Pen Vape Products Page" on the Website.

17.     On or about October 2012, Defendant National and Leafly entered into a subsequent agreement whereby all Washington, California, and Colorado dispensaries that

COMPLAINT
CASE NO. 13-CV-2324

5.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA  98101
(206) 452-8700

carried O.Pen Vape products were to purchase an advertising package from Leafly in exchange for Leafly's advertising of the O.Pen Vape product on the Leafly Website.

18.     On information and belief, on or about October 25, 2012, Defendants officially launched their O.Pen Vape product in packaging which displayed the LEAFLY Design Mark and LEAFLY Trade Dress.

19.     On or about October 26, 2012, Leafly created the "O.Pen Vape Products Page" on the Leafly Website.  Subsequently, in or about February 2013, Leafly created state-specific O.Pen Vape products web pages for Colorado, California, and Washington dispensaries carrying O.Pen Vape.

20.     On or about April 19, 2013, Leafly's parent company Privateer Holdings, Inc., and Defendant National signed a mutual non-disclosure agreement ("NDA"), a true and correct copy of which is attached hereto as Exhibit 3 and incorporated herein by reference.  The NDA provided, *inter alia*, that all confidential information, including but not limited to "trade secrets," "works of authorship," "drawings," and "marketing plans and information," is the property of the disclosing party and that nothing contained in the NDA would be construed as granting any property rights to any confidential information of the disclosing party, including patent, copyright, trademark, or other intellectual property rights.

21.     On or about May 22, 2013, Leafly sent an email to Defendant National concerning Leafly's intent to manage use of the LEAFLY Trade Dress according to Leafly's standards.  On or about May 24, 2013, National responded in an email that it would follow Leafly's brand management procedures and that it "didn't need any contract regarding the Leafly brand as [it would] follow [Leafly's] brand guidelines before using any of [Leafly's intellectual property]."

22.     On information and belief, as of June 3, 2013, Leafly had provided over 1.3 million impressions for O.Pen Vape advertisements on the Leafly Website.

23.     On or about June 14, 2013, Defendant National sent an email to Leafly stating that it wished to cancel its advertising subscriptions to Leafly but further stated that it was interested in maintaining a relationship with Leafly and using the Leafly Design Mark on

COMPLAINT
CASE NO. 13-cv-2324

6.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA  98101
(206) 452-8700

packaging for the O.Pen Vape product.  A true and correct copy of National's June 14 email is attached hereto as Exhibit 4 and incorporated herein by reference.

24.    Without receiving prior consent or authorization from Leafly, Defendants continued to use the LEAFLY Design Mark and LEAFLY Trade Dress on their packaging and promotional materials for the O.Pen Vaporizer, as reflected in the image below.



25.    On or about July 29, 2013, Leafly wrote to National advising that the unauthorized use of the LEAFLY Marks on the O.Pen packaging constituted trademark infringement.  A true and correct copy of Leafly's letter ("First Demand Letter") is attached hereto as Exhibit 5 and incorporated herein by reference.

26.    On or about August 7, 2013, Defendants responded to Leafly's First Demand Letter advising, *inter alia*, that they would cease all use of the LEAFLY Marks in their advertising and packaging.  A true and correct copy of Defendants' August 7, 2013 letter to Leafly is attached hereto as Exhibit 6 and incorporated herein by reference.

27.    On or about September 19, 2013, Leafly wrote Defendants confirming Leafly's understanding that Defendants would cease use of any of Leafly's trademarks on their product packaging by October 31, 2013.  Leafly also informed Defendants that the unauthorized use of the LEAFLY Design Mark and LEAFLY Trade Dress had led to numerous instances of

COMPLAINT
CASE NO. 13-cv-2324

7.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

consumer confusion.   A true and correct copy of Leafly's second letter ("Second Demand Letter") is attached hereto as Exhibit 7, and is incorporated herein by reference.

28.    Leafly received no communication or other correspondence from Defendants in response to its Second Demand Letter.

29.    On or about October 18, 2013, Leafly sent a third letter to Defendants stating that Leafly had not received a response from Defendants to its Second Demand Letter.  Leafly also expressed concern regarding possible continued use by Defendants of prominent elements of the LEAFLY Design Mark and Trade Dress on Defendant's new packaging, including: the color combination of purple, green, and rusty maroon on the O.pen logo and the colors purple, green, and rusty maroon used, respectively, for the Indica, Hybrid, and Sativa O.pen cannabis packaging.   A true and correct copy of what Leafly is informed and believes is Defendants' current packaging, as displayed below, is also attached hereto as Exhibit 7 and incorporated herein by reference.   A true and correct copy of Leafly's third demand letter ("Third Demand Letter") is attached hereto as Exhibit 8 and incorporated herein by reference.



30.    On or about October 25, 2013, Defendants responded to Leafly asserting that its continued use of the Leafly purple, green and rusty maroon color combination would not infringe rights held by Leafly.  A true and correct copy of Defendants' Response Letter is attached hereto as Exhibit 9, and is incorporated herein by reference.

31.    As of December 3, 2013, the O.pen Vape page on Defendants' website features a logo displaying Leafly's purple, green and rusty maroon trade dress.  A true and correct copy of

COMPLAINT
CASE NO. 13-CV-2324

8.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

a screenshot of the openvape.com website is attached hereto as Exhibit 10 and is incorporated herein by reference.  The O.Pen Vape logo featuring Leafly's protected purple, green and rusty maroon trade dress appears below.



### FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114(1)(a))

32.     Leafly incorporates by reference the allegations set forth in Paragraphs 1 through 31, inclusive, of this Complaint as though fully set forth herein.

33.     Defendants' unauthorized use of the colors purple, green and rusty maroon on their packaging and logo as alleged herein constitutes trademark infringement of the Leafly Design Mark in violation of 15 U.S.C. § 1114(1)(a).  Defendants' packaging and logo is likely to cause, and on information and belief has actually caused, confusion, mistake, or deception in the market as to the source or origin of Defendants' products, and has falsely suggested that Defendants' goods, including their O.Pen Vaporizer, are sponsored or endorsed by, connected to, or affiliated with Leafly.

34.     As a direct and proximate result of Defendants' willful and intentional infringement, Leafly has suffered, and will continue to suffer, irreparable injury to its business, reputation and goodwill, unless and until Defendants' actions as alleged herein are enjoined. Leafly has no adequate remedy at law and is therefore entitled to injunctive relief.

35.     As a direct and proximate result of Defendants' actions, Leafly has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

COMPLAINT
CASE NO. 13-CV-2324

9.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

36.     Defendants' unauthorized use of the Leafly Design Mark as alleged herein was knowing, deliberate, and willful.  Leafly is therefore entitled to recover three times the amount of its damages as well as its attorney fees and costs incurred in this action.

<u>**SECOND CLAIM FOR RELIEF**</u>

**(Trade Dress Infringement Under 15 U.S.C. § 1125(a))**

37.     Leafly incorporates by reference the allegations set forth in Paragraphs 1 through 36, inclusive, of this Complaint as though fully set forth herein.

38.     Despite Leafly's repeated demands, Defendants continue their prominent use of key elements of the LEAFLY Trade Dress, including its purple, green and rusty maroon color combination, on and in connection with Defendants' O.Pen Vaporizer product, product packaging and promotional materials.

39.     Such use by Defendants constitutes false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a).  Defendants' activities are likely to cause, and on information and belief have actually caused, confusion, mistake, or deception in the market as to the source or origin of Defendants' products, and have falsely suggested that Defendants' goods, including its O.Pen Vaporizer, are sponsored or endorsed by, connected to, or affiliated with Leafly.

40.     As a direct and proximate result of Defendants' willful and intentional infringement, Leafly has suffered, and will continue to suffer, irreparable injury to its business, reputation and goodwill, unless and until Defendants' actions as alleged herein are permanently enjoined.  Leafly has no adequate remedy at law.

41.     As a direct and proximate result of Defendants' actions, Leafly has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

42.     Defendants' unauthorized use of Leafly's trademarks as alleged herein was knowing, deliberate, and willful.  Leafly is therefore entitled to recover three times the amount of its damages as well as its attorney fees and costs incurred in this action.

COMPLAINT
CASE NO. 13-CV-2324

10.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA  98101
(206) 452-8700

### THIRD CLAIM FOR RELIEF

### (Washington State Trademark Infringement—RCW 19.177.140)

43.     Leafly incorporates by reference the allegations set forth in Paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

44.     The acts and conduct of Defendants, as alleged above, constitute infringement of Leafly's Washington State trademark rights in the LEAFLY Design Mark and LEAFLY Trade Dress.  Leafly has used its trademarks in connection with providing information about medical marijuana to consumers in Washington since at least as early as September 2010, and Defendants' continued unauthorized and willful use of confusingly similar imitations of the LEAFLY Design Mark and LEAFLY Trade Dress are likely to cause, and on information and belief has actually caused, confusion, mistake, or deception in the market as to the source or origin of Defendants' products.  As such, Defendants' conduct and deceptive acts constitute infringement under Washington's Trademark Laws, RCW 19.77.140.

45.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Leafly in an amount that is unknown at the present time.

### PRAYER FOR RELIEF

WHEREFORE, Leafly prays for judgment against Defendants as follows:

(a)     For preliminary and permanent injunctive relief, enjoining Defendants and each of their partners, officers, directors, associates, agents, servants, and employees, and all others acting or attempting to act in concert with Defendants, from directly or indirectly infringing Leafly's trademarks, specifically, the LEAFLY Design Mark, and LEAFLY Trade Dress, including its tile designs and purple, green, and rusty maroon color combinations, or continuing to sell, market, offer, dispose of, license, transfer, display, advertise, reproduce, develop or manufacture any services, events, products, or goods using Leafly's trademarks or trade dress or any confusingly similar version of such trademarks or trade dress, or to assist or participate in any such activity;

(b)     For a permanent injunction, enjoining Defendants and each of its partners, officers, directors, associates, agents, servants, and employees, and all others acting or

COMPLAINT
CASE NO. 13-CV-2324

11.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

1  attempting to act in concert with Defendants, from taking any action which may confuse Leafly's

2  customers or the public about the sponsorship or source of Defendants' events, services, or

3  goods, or about Leafly being the source or sponsor of events, services, or goods that are not

4  licensed or authorized by Leafly;

5         (c)    For an order requiring Defendants: (i) to pay all of Leafly's compensatory

6  damages, including but not limited to, damages based upon the Defendants' acts of trademark

7  infringement under the Lanham Act, 14 U.S.C. § 1051, *et seq.*, Washington State Law, RCW

8  19.177.140, and all other causes of action herein; (ii) to account to Leafly and disgorge all profits

9  that Defendants have derived from the infringing use of Leafly's trademarks; and (iii) to pay

10  Leafly all damages that Leafly has sustained by reason of Defendants' conduct alleged herein,

11  including treble damages for willful infringement;

12         (d)    For an order requiring Defendants to provide restitution for their actual

13  and exemplary damages under Washington law;

14         (e)    For prejudgment interest as authorized by law;

15         (f)    For Leafly's reasonable attorneys' fees and costs of suit incurred in

16  bringing this action to prevent and redress Defendants' knowing, deliberate, willful and

17  fraudulent infringement; and

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT**
**CASE NO. 13-CV-2324**

12.

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101
(206) 452-8700

1        (g)     For such other and further relief as the Court deems just and proper.

2

3   Dated: December 27, 2013

By:  */s/ Christopher B. Durbin*
4                                     Christopher B. Durbin (WSBA #41159)
                                       COOLEY LLP
5                                     1700 Seventh Ave., Suite 1900
                                     Seattle, WA  98101-1355
6                                     Tel.:   (206) 452-8700
                                     Fax:   (206) 452-8800
7                                     Email: cdurbin@cooley.com

8                                     Janet L. Cullum (*pro hac vice* pending)
                                     Anne H. Peck (*pro hac vice* pending)
9                                     Timothy D. Hance (*pro hac vice* pending)
                                     COOLEY LLP
10                                   Five Palo Alto Square
                                   3000 El Camino Real
11                                   Palo Alto, CA  94306-2155
                                   Tel.:   (650) 843-5000
12                                   Fax:   (650) 849-7400
                                   Email:  peckah@cooley.com
13                                                 jcullum@cooley.com
                                                  thance@cooley.com
14

15                                   Attorneys for Plaintiff LEAFLY HOLDINGS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**
**CASE NO. 13-CV-2324**

13.