# Exhibit 9



October 25, 2013

Anne H. Peck, Esq.
Cooley LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

Todd P. Blakely
Attorney
Direct: 303.863.2979
tblakely@sheridanross.com

Via Email
peckah@cooley.com

Re: Allegation of Trademark Infringement by Leafly Holdings, Inc.;
Our File No: 7688-1

Dear Ms. Peck:

With respect to monies purportedly owed Leafly Holdings, Inc. ("Leafly") by National Concessions Group Inc. ("NCG"), it is my understanding that an email was sent to your client on October 22, 2013 from Mr. Jeremy Heidl addressing this issue.

Regarding your client's demand that NCG cease using the trademarks LEAFLY and LEAFLY & Design, as stated in your July 29, 2013 letter, NCG has and has stopped using these marks. This is confirmed by the images contained within your October 18, 2013 letter. As shown, the LEAFLY and LEAFLY & Design marks are removed from the illustrated packaging.

Your correspondence of September 19, 2013 and October 18, 2013 raise new and different issues. More specifically, your September 19 letter asserts rights to tile designs displayed as part of the Leafly logo and on the Leafly.com website and your October 18 letter asserts trade dress and copyright rights in connection with the colors purple, green and rusty maroon, as well as the use of tile designs, to designate cannabis strains. It is the current belief of NCG that your client has no protectable rights with respect to the identified colors or tile design. For quite some time, NCG as well as others in the cannabis industry, including Cheeba Chews, have utilized the colors purple, green and maroon to indicate the Indica, Hybrid and Sativa categories of cannabis. The continuous use of these colors by multiple entities over an extended period of time significantly undermines your client's ability to establish secondary meaning and thereby claim proprietary rights in these colors. If anything, these colors for these purposes are generic within the industry and not owned or controlled by any individual entity. Similarly, the assertion of trade dress rights in the tile design is also unfounded. It is our understanding that Leafly does not sell a product or packaging incorporating the tile design. In addition, the principals of NCG conceived and developed the magnets appearing on the NCG packaging. For these reasons, we see no basis on which Leafly can assert trade dress rights.

Regarding the copyright assertion, we believe that there is no copyrightable subject matter in either the individual colors or the individual tile designs, with or without a color, as used by NCG. NCG does not use the three colors together, but does use them individually. Regarding the tile designs, the basic rectangular shape of a tile, in and of itself, is not copyrightable. In addition, the textual information displayed on the tiles is generic and has been used within the cannabis industry for a long period of time. There is simply an insufficient threshold of creativity or authorship to merit copyright protection sufficient to prohibit NCG's use of the colors or the magnets associated with NCG's packaging.

patent / trademark / copyright
1560 Broadway / Suite 1200 / Denver, Colorado 80202-5141 / P 303.863.9700 / F 303.863.0223 / www.sheridanross.com

1

Anne H. Peck, Esq.
October 25, 2013
Page 2

However, having summarized the position of NCG, if your client can provide evidence that establishes secondary meaning and/or copyright protection in the colors and/or tile designs, NCG is willing to consider whatever information you may provide.

Very truly yours,

SHERIDAN ROSS P.C.

*[signature]*

Todd P. Blakely
TPB/lrb
c:    National Concessions Group, Inc.

2